FILED
CLERK, U.S. DISTRICT COURT

MAR - 3 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ANDRADE CALLES,<br><br>Petitioner,<br><br>v.<br><br>VICTOR ALMAGER, Warden<br><br>Respondent. | NO. ED CV 06-1379 GHK (FMO)<br><br>**ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

### INTRODUCTION

On December 13, 2006, Antonio Andrade Calles ("petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. On March 14, 2007, respondent filed a Return to the Petition ("Return"). On April 11, 2007, petitioner filed a Traverse to the Petition ("Reply").

On December 13, 2007, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and the action dismissed with prejudice. Thereafter, on January 25, 2008, petitioner filed Objections to the R&R ("Objections").

///
///
///

## DISCUSSION

In his Objections, petitioner objects to the Magistrate Judge's recommendation as to Grounds Three and Six.[1] (See Objections at 4-12). Ground Three asserts that the evidence was insufficient to sustain the charge of solicitation of murder. (See Petition at 6). Ground Six asserts that the evidence was insufficient to sustain the armed enhancement. (See id. at 13). In his Objections, petitioner expands on an argument that he alluded to in his Reply. He contends that the evidence was insufficient to convict him of solicitation of murder and to sustain the armed enhancement because both the conviction and the armed enhancement were based on the prosecutor's knowing use of perjured testimony. (See Objections at 7-8 & 11).

It is well-settled that the prosecution's knowing use of false or perjured testimony violates a criminal defendant's due process rights. Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177 (1959); accord Jackson v. Brown, 2008 WL 185528, at *11 (9th Cir. 2008) ("The Supreme Court has long held that a conviction obtained using knowingly perjured testimony violates due process."). "The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears." Napue, 360 U.S. at 269, 79 S.Ct. at 1177. However, mere inconsistencies in the evidence do not constitute the knowing use of perjured testimony by the prosecution. See United States v. Geston, 299 F.3d 1130, 1135 (9th Cir. 2002). Rather, it is "within the province of the jury to resolve the disputed testimony." Id. Thus, prosecutors will not be held accountable for discrepancies in testimony where there is no evidence from which to infer prosecutorial misconduct. See United States v. Zuno-Arce, 44 F.3d 1420, 1423 (9th Cir. 1995, as amended Feb. 13, 1995), cert. denied, 516 U.S. 945, 116 S.Ct. 383 (1995). Instead, a factual basis for attributing knowledge to the government that the testimony was perjured must be established. See Morales v. Woodford, 388 F.3d 1159, 1179 (9th Cir. 2004, as amended Oct. 21, 2004), cert. denied, 546 U.S. 935, 126 S.Ct. 420 (2005) (rejecting a due process violation where

---

[1] Petitioner also objects to Grounds One and Five. (See Objections at 13-25). However, petitioner merely reiterates the arguments in his Reply, (compare id. with Reply at 2-11), which were addressed in the R&R. (See R&R at 25-27 & 34-36).

petitioner "sets out no factual basis for attributing any misconduct, any knowing presentation of perjury, by the government[]").

Here, petitioner contends that the evidence was insufficient to convict him of solicitation of murder and to sustain the armed enhancement because the testimony of prosecution witness David Gaxiola ("Gaxiola") contained inconsistencies and contradictions. (See Objections at 5-7 & 9-10). Because of these inconsistencies, petitioner asserts that the prosecutor knowingly used perjured testimony. (See id.). This argument lacks merit. First, presenting contradictory testimony is not improper. See Geston, 299 F.3d at 1135 (mere inconsistencies in the evidence are within the province of the jury to resolve); (see also CT at 202) (instructing the jury, pursuant to CALJIC No. 2.13, that "[e]vidence that at some other time a witness made a statement or statements that . . . are inconsistent . . . with his . . . testimony in this trial, may be considered by you not only for the purpose of testing the credibility of the witness, but also as evidence of the truth of the facts as stated by the witness on that former occasion[]) (brackets omitted). The "fact that [Gaxiola] may have made an earlier inconsistent statement, or that other witnesses have conflicting recollections of events, does not establish that the testimony offered at trial was false." United States v. Croft, 124 F.3d 1109, 1119 (9th Cir. 1997). Rather, Gaxiola's "[d]iscrepancies in [his] testimony . . . could as easily flow from errors in recollection as from lies." Zuno-Arce, 44 F.3d at 1423.

Second, petitioner offers no evidence, other than his unsupported assertions, that the prosecutor knew Gaxiola gave false testimony, or that the prosecutor allowed false testimony "to go uncorrected[.]" See Napue, 360 U.S. at 269, 79 S.Ct. at 1177; United States v. Sherlock, 962 F.2d 1349, 1364 (9th Cir. 1989, as amended April 27, 1992), cert. denied, 506 U.S. 958, 113 S.Ct. 419 (1992) ("Without knowledge of [which] testimony was false, [the prosecutor] could not have *knowingly* presented perjured testimony.") (italics in original). Petitioner has not pointed to anything in the prosecutor's questioning, or the answers given, that reflects an intention by the prosecutor to mislead the jury. See United States v. Etsitty, 130 F.3d 420, 424 (9th Cir. 1997), amended by 140 F.3d 1274 (9th Cir.), and cert. denied, 525 U.S. 1003, 119 S.Ct. 515 (1998)

1  ("Nothing in the questioning or the answers given can be construed to reflect an intention by the
2  prosecutor to mislead the jury.").

3      Finally, petitioner's counsel extensively cross-examined Gaxiola regarding the
4  inconsistencies in his testimony. (See RT at 116-32 & 141-45); see also Zuno-Arce, 44 F.3d at
5  1423 (where a witness is "cross-examined . . . . thoroughly and well on the discrepancies in [his]
6  recollections, . . . the determination of credibility is for the jury[]"); (see also CT at 203) (instructing
7  the jury, pursuant to CALJIC No. 2.20, that they are the "sole judges of the believability of a
8  witness and the weight to be given the testimony of each witness[]"). Gaxiola admitted on cross-
9  examination that his "memory is messed up all the way around . . . [because he] had two strokes,
10 one right after the other[, which affected his] . . . memory completely." (RT at 142-43). In his
11 closing argument, petitioner's counsel emphasized Gaxiola's inconsistent testimony. (See id. at
12 394-400). The prosecutor also acknowledged in closing that Gaxiola "is a liar[;] . . . he told some
13 lies based upon what he said on the stand." (Id. at 414).

14     In sum, without specific evidence that the prosecutor knowingly introduced false or perjured
15 testimony, mere inconsistencies in Gaxiola's testimony do not undermine the sufficiency of the
16 evidence to sustain the charge of solicitation of murder and the armed enhancement. See Zuno-
17 Arce, 44 F.3d at 1423 (refusing to reverse where defendant "offered no evidence whatsoever for
18 prosecutorial misconduct except for the inference from discrepancies"). Further, a federal court
19 faced with a factual record "that supports conflicting inferences must presume . . . that the trier
20 of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."
21 Jackson v. Virginia, 443 U.S. 307, 326, 99 S.Ct. 2781, 2793 (1979); Sarausad v. Porter, 479 F.3d
22 671, 678 (9th Cir.), vacated in part, 503 F.3d 822 (9th Cir.), and petition for cert. filed, No. 07-772
23 (U.S. Dec. 7, 2007) (A federal habeas court "makes no determination of the facts in the ordinary
24 sense of resolving factual disputes.") (internal quotation marks omitted). Thus, based on all the
25 evidence presented at petitioner's trial, it was not an objectively unreasonable application of
26 Jackson for the court of appeal to conclude that any rational juror could have found beyond a
27 reasonable doubt that petitioner solicited murder and was armed when he did so. (See R&R at
28 17-19 & 20-22).

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a de novo determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: 3/2, 2008.

GEORGE H. KING
UNITED STATES DISTRICT JUDGE